In the Matter of the Voluntary Dissolution of the Quo Vadis Amusement Company, a Corporation.

W. J. Morgan & Company, Appellant; Frederick C. Whitney, Respondent.

*Amendment* nunc pro tunc *of an order to show cause by inserting therein the return day.*

Where, upon the return day mentioned in the copies of an order to show cause, granted upon a petition for a voluntary dissolution of a corporation, it appears that no return day had been inserted in the original order, the court has jurisdiction, under sections 723 and 724 of the Code of Civil Procedure, to allow the original order to be amended *nunc pro tunc* by inserting therein the same return day as that written in the copies thereof.

Van Brunt, P. J., dissented.

Appeal by W. J. Morgan & Company, a creditor of the Quo Vadis Amusement Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 19th day of February, 1903, permitting the amendment *nunc pro tunc* of an order to show cause theretofore granted in the action, and also from an order entered in said clerk's office on the 19th day of February, 1903, appointing a referee.

*Josiah Canter,* for the appellant.

*Alfred Pagelow,* for the respondent.

Hatch, J.:

On or about October 16, 1902, on a petition of the Quo Vadis Amusement Company for a voluntary dissolution, an order was granted at Special Term to show cause why such dissolution

should not be had. The appellant herein is one of the peti-
tioner's largest creditors and was served with a paper purport-
ing to be a copy of the order to show cause. The copy was
duly served and the return day mentioned therein was January 8,
1903. On the return day the parties appeared in court, pursuant
to the service of a copy of said order, when it was discovered by the
appellant that the return day, which had first been written in the
original order, was December 6, 1902; that this had been marked
out with ink and no other date inserted. The appellant's counsel
then objected to the jurisdiction of the court. The petitioner's
counsel thereupon moved to be allowed to amend the order *nunc
pro tunc*, so that it should be returnable on the same day as the
return day written in all the copies, viz., January 8, 1903. This
amendment was allowed by the court, and it then granted an order
of reference to ascertain the facts. From the order allowing the
amendment and from the order of reference this appeal is taken.

The paper which conferred jurisdiction upon the court to act was
the petition. It appeared therefrom that it asked for the voluntary
dissolution of the corporation. No defect is claimed to have existed
in the petition and the court was thereupon authorized to grant an
order to show cause. Such order was in all respects perfect, save
that it did not contain the date upon which it was returnable. The
omission in this particular, from the order, was the result of inadver-
tence. The copies which were served were in nowise defective
either in this respect or in any other. It is clear, therefore, that
neither the applicant nor any of the other parties interested in the
proceeding were misled to their prejudice, nor could the omission of
the date from the original order work harmful results, or mislead to
the prejudice of any creditor. Under similar circumstances it has
been held that the order, as granted, was not a nullity, as the court
possessed jurisdiction to grant it, and as the defect was harmless, it
could be cured by an amendment *nunc pro tunc* and thus the defect
be cured. (*Matter of Christian Jensen Co.*, 128 N. Y. 550.)

The propriety of the amendment is clear and the authority to
grant it seems to be ample, not only as expressed in the adjudicated
cases, but under the provisions of sections 723 and 724 of the Code
of Civil Procedure. There had also been a general appearance by

the appellant in the proceeding before the motion to dismiss was made.   Under such circumstances the authority to grant the order is abundant.   (1 Ency. Pl. & Pr. 666, 667, and cases cited.)

It follows that the order should be affirmed, with ten dollars costs and disbursements.

PATTERSON, O'BRIEN and INGRAHAM, JJ., concurred; VAN BRUNT P. J., dissented.

Order affirmed, with ten dollars costs and disbursements.